UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE RAY JONES, | No. 2:14-cv-01018 AC P |
| Petitioner, | |
| v. | ORDER |
| BRIAN DUFFY, | |
| Respondent. | |

On April 25, 2014, petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a motion to proceed in forma pauperis. ECF Nos. 1, 2. Petitioner consented to the jurisdiction of the undersigned for all further proceedings on May 5, 2014 and no other party has been served or appeared in this action. See ECF No. 5; see also 28 U.S.C. § 636(c). Petitioner is challenging his 2007 San Joaquin County conviction and sentence for assault by means of force likely to produce great bodily injury and battery with serious bodily injury. ECF No. 1 at 1.

Petitioner previously filed at least one other federal habeas petition challenging the same 2007 judgment. For the reasons set forth more fully below, the petition must be summarily dismissed as an unauthorized successive habeas corpus petition.

I.   Prior Federal Habeas Proceedings

A review of court records indicates that petitioner has filed three prior challenges to this same 2007 conviction. His first federal habeas petition was filed in 2009 and denied on the

1

merits in 2011.  See Jones v. Haws, 2:09-cv-1735 MCE CHS.  Petitioner then filed another habeas petition in Jones v. Gipson, 2:12-cv-1190 CMK, which was summarily dismissed as an unauthorized successive petition on May 8, 2013.[1]  Next, petitioner filed another challenge to this same 2007 conviction in Jones v. Duffy, 2:13-cv-01096-KJM-AC-P, which was dismissed without prejudice on September 13, 2013.

II.     Duty to Screen and Summary Dismissal

This Court has a duty to screen habeas corpus petitions.  See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes.  Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition.  Id.; see also Local Rule 72–3.2.  Based on this court's review of the present federal habeas corpus petition, it is clear from the face of the petition that this court lacks jurisdiction over this unauthorized second or successive federal habeas petition.

III.    Successive Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications."  Tyler v. Cain, 533 U.S. 656, 661 (2001).  The AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court."  Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Stewart v. Martinez–Villareal, 523 U.S. 637, 641 (1998).  Second or successive habeas petitions are subject to the "extremely stringent" requirements of AEDPA.  Babbitt v. Woodford, 177 F.3d 744, 745 (9th Cir.1999).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Second or successive

---

[1] Petitioner appealed the court's summary dismissal of this petition to the Ninth Circuit Court of Appeals.  He was most recently denied a certificate of appealability by the Court of Appeals on April 23, 2014.  Jones v. Gipson, 2:12-cv-01190-CMK-AC-P, ECF No. 28.

habeas petitions filed in the district court without an authorizing order from the court of appeals shall be dismissed. See 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction). "'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'" Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

The habeas petition now before the court challenges the same 2007 judgment that petitioner challenged in the three prior federal habeas actions referenced above. Under the AEDPA, petitioner was required to obtain an order from the Ninth Circuit authorizing the Court to consider his claims prior to filing this case. Petitioner failed to produce any evidence that this successive habeas petition was authorized by the Ninth Circuit Court of Appeals. In fact, this court's review of the Ninth Circuit Court of Appeals' electronic docket indicates that petitioner has twice sought and twice been denied authorization to file a second or successive federal habeas corpus petition.[2] See Jones v. Duffy, 13-72141 (application for authorization to file a second or successive 28 U.S.C. § 2254 petition denied on August 16, 2013); Jones v. Haws, 12-74078, (application denied on March 1, 2013) (available at www.ca9.uscourts.gov.).

Because petitioner does not have prior authorization from the Ninth Circuit Court of Appeals, the instant habeas petition because constitutes an unauthorized second or successive application which this court lacks jurisdiction to consider. Burton, 549 U.S. at 153; see also 28 U.S.C. § 2244(b)(3)(A). Accordingly, the petition should be summarily dismissed without prejudice.

////

---

[2] Judicial notice is taken of the dockets of the District Court and the Ninth Circuit. A court is permitted to take judicial notice of court records in another case, including court records available to the public through the PACER system via the internet. See United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

IV. Certificate Of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth herein, petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus (ECF No. 1) is summarily dismissed without prejudice to petitioner filing a new petition if he first obtains the necessary authorization from the Ninth Circuit Court of Appeal;
2. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is denied as moot;
3. This court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: May 19, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4